# UNITED STATES DISTRICT COURT
# DISTRICT OF MAINE

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>MATTHEW CHARNAY,<br><br>Defendant. | 25-cr-00146-LEW |

## DEFENDANT'S SUPPLEMENTAL MEMORANDUM IN SUPPORT OF MOTION TO REOPEN DETENTION HEARING: ACCESS TO COUNSEL AND PREPARATION OF THE DEFENSE

Defendant Matthew Charnay submits this supplemental memorandum in support of his Motion to Reopen Detention Hearing and for Release on Conditions (ECF No. 43) to address more fully one consideration the Motion raises: the effect of continued detention on his access to counsel and his ability to prepare his defense. That consideration is not foreign to the Bail Reform Act. The Act addresses it expressly, and it rests on constitutional guarantees the Act was written to respect – and cannot contravene.

## I. THE RIGHT TO BAIL EXISTS TO PROTECT THE PREPARATION OF A DEFENSE

The Supreme Court has identified the preparation of a defense as one of the two core purposes of the right to pretrial release: "This traditional right to freedom before conviction permits the unhampered preparation of a defense, and serves to prevent the infliction of punishment prior to conviction." *Stack v. Boyle*, 342 U.S. 1, 4 (1951). Justice Jackson, concurring, explained what is lost without it:

> Without this conditional privilege, even those wrongly accused are punished by a period of imprisonment while awaiting trial and are handicapped in consulting counsel, searching for evidence and witnesses, and preparing a defense.

*Id.* at 8 (Jackson, J., joined by Frankfurter, J.). The principle is long-standing. *See Hudson v. Parker*, 156 U.S. 277, 285 (1895) (federal law framed on "the theory that a person accused of crime shall not, until he has been finally adjudged guilty . . . be absolutely compelled to undergo imprisonment or punishment, but may be admitted to bail . . . after arrest and before trial").

The same concern runs through the Sixth Amendment. The period between arraignment and trial is "perhaps the most critical period of the proceedings," when "consultation, thoroughgoing investigation and preparation [are] vitally important." *Powell v. Alabama*, 287 U.S. 45, 57 (1932). The right to counsel includes the opportunity to consult with counsel. *See Geders v. United States*, 425 U.S. 80, 88–91 (1976). As the Supreme Court has explained, "to deprive a person of counsel

during the period prior to trial may be more damaging than denial of counsel during the trial itself." *Maine v. Moulton*, 474 U.S. 159, 170 (1985). *See also Benjamin v. Fraser*, 264 F.3d 175, 184–87 (2d Cir. 2001) (restrictions on attorney visits that unreasonably burden a pretrial detainee's opportunity to consult with counsel violate the Sixth Amendment).

## II. THE BAIL REFORM ACT EXPRESSLY ADDRESSES ACCESS TO COUNSEL AND PREPARATION OF THE DEFENSE

The Act does not, and constitutionally could not, undermine these interests. Every detention order must "direct that the person be afforded reasonable opportunity for private consultation with counsel." 18 U.S.C. § 3142(i)(3). And, even when the Act authorizes detention, it authorizes release from detention "to the extent that the judicial officer determines such release to be necessary for preparation of the person's defense or for another compelling reason." *Id.* § 3142(i). Congress thus wrote into the Act itself the preparation of the defense as a ground for release, even where the Act would otherwise permit detention.

The factors listed in § 3142(g) address whether conditions can reasonably assure appearance and safety, and preparation of the defense is not among them. But the Act must be read as a whole, and its detention provisions are constitutional because they are regulatory rather than punitive, and their incidents are not "excessive in relation to the regulatory goal Congress sought to achieve." *United*

*States v. Salerno*, 481 U.S. 739, 747 (1987). Detention that, in practice, prevents a defendant from reviewing the evidence against him with his lawyer is not an incident Congress contemplated; § 3142(i)(3) shows the opposite. Courts have accordingly granted relief under § 3142(i) where conditions of confinement impeded a detained defendant's ability to consult with counsel and prepare for trial. *See, e.g.*, *United States v. Stephens*, 447 F. Supp. 3d 63, 65–67 (S.D.N.Y. 2020). At a minimum, where, as here, the question whether conditions can reasonably assure appearance and safety is close, the burden detention places on the defense is a proper reason to resolve it in favor of release.

## III. DETENTION SERIOUSLY COMPROMISES MR. CHARNAY'S ABILITY TO PREPARE

The facts here make the point concretely. Undersigned counsel represents as follows.

*Volume of discovery.* The government has produced approximately 14,000 pages of discovery, which have been printed and provided to Mr. Charnay at the Cumberland County Jail.

*Protected discovery.* The government has produced additional discovery that it has designated as protected under the protective order in this case (ECF No. 18). Under that designation, Mr. Charnay may review those materials only in the presence of counsel. The government's index for one production of protected

material alone lists 175 items spanning approximately 900 Bates-numbered pages, including grand jury subpoena returns, search warrant returns, investigative reports, audio recordings, and forensic extraction materials. Many of those items were produced in native electronic format and bear a single Bates number regardless of their length, so the page count understates the volume and complexity of the protected discovery. It includes, for example, lengthy recordings of proceedings and conversations.

*Limited access at the jail.* Attorney visits at the Cumberland County Jail are typically limited to one hour, and two hours at most. Protected discovery can be reviewed with Mr. Charnay only during those visits. At that pace, it is not possible to review the protected discovery with him while he remains detained, let alone to do so with the care the defense requires.

*Release would allow meaningful preparation.* If released, Mr. Charnay could spend entire days at counsel's office reviewing the discovery, including the protected discovery, in compliance with the protective order. He could call counsel or counsel's paralegal into the room to review items he considers important as he identifies them. That is how a defendant participates meaningfully in a document-intensive defense. It is not possible at the jail.

These burdens fall on a defendant who is presumed innocent, who is confined to a wheelchair, and whose detention is already aggravating a serious

medical condition. *See* Motion at 25; Charnay Decl. (Ex. C) ¶¶ 5–6. They are precisely the handicaps that *Stack* recognized: impaired consultation with counsel and impaired preparation of a defense. 342 U.S. at 4; *id.* at 8 (Jackson, J.).

Relevant precedent recognizes that either serious medical conditions, *United States v. Caraballo*, 185 F. Supp. 2d 143, 145–47 (D.P.R. 2002), or heightened need for effective consultation with counsel and trial preparation, *United States v. Stephens*, *supra*, may warrant release even where application of the Bail Reform Act would otherwise result in detention. Mr. Charnay respectfully contends that the government has not met, and cannot meet, its burden of proof to continue to detain Mr. Charnay even in the absence of his extraordinary need for medical care and the assistance of counsel. Those extraordinary needs, considered in combination, clearly require his pretrial release.

## IV. CONCLUSION

Mr. Charnay asks the Court to weigh detention's effect on his access to counsel and the preparation of his defense in deciding the Motion, and to order his release on the conditions proposed, including any condition the Court deems appropriate governing his review of discovery at counsel's office. In the alternative, he asks the Court to order his temporary release under § 3142(i) as necessary for the preparation of his defense and for the compelling reason presented by his medical needs.

Dated at Portland, Maine, this 8th day of November 2026.

/s/ Edward S. MacColl
Edward S. MacColl,
Attorney for Defendant
Matthew Charnay

Thompson, MacColl & Bass, LLC, P.A.
15 Monument Sq., 4th Floor
P.O. Box 447
Portland, ME 04112-0447
(207) 774-7600

## CERTIFICATE OF SERVICE

I, Edward S. MacColl, do hereby certify that, on the above date, I made due service of the above document by electronically filing the same using the Court's CM/ECF system.

/s/ Edward S. MacColl
Edward S. MacColl